■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED M. CACHELIN, Appellant-Respondent, v. EMILIE H. CACHELIN, Respondent-Appellant.— Order, entered on February 18, 1963, unanimously modified on the law and on the facts and as a matter of discretion by striking out all ordering paragraphs except that which denies respondent's cross motion to punish relator for contempt and remanding the matter to Special Term, Part XII, for further proceedings in accord with this opinion, and, as so modified, affirmed, without costs. The primary consideration on this application for habeas corpus is the welfare of the child of the parties. A very important factor in this consideration is the fitness of the mother to have custody of the child. Related considerations are the attention and care that either parent is willing to devote to the child, the opportunities for uninterrupted schooling, the religious education to be provided, and the like, the question being under what provisions for custody are the most satisfactory conditions most likely to be had. Neither the papers before the court nor the purported informal hearing was in any degree sufficient for advised conclusions on the questions presented. A hearing is called for

(*People ex rel. Norwood* v. *Coffey,* 12 A D 2d 579; *Glasser* v. *Gluckstern,* 14 A D 2d 525). In a proceeding of this character prior stipulations and determinations are limited to the situation then prevailing and the proof presented at that time and, hence, have no conclusive weight when conditions have changed or new facts are established. The issue of the child's welfare cannot be determined on the basis of the outcome of the prior maneuvers of the parents. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bastow, JJ.